## SHANNON v HENDRIXSON

Ohio Appeals, 1st Dist, Clermont Co

No 125. Decided Oct 18, 1935

D. T. Hackett, Cincinnati, and John H. Kilduff, Cincinnati, for plaintiff in error.

Nichols, Speidel & Nichols, Batavia, for defendant in error.

## OPINION

By HAMILTON, J.

Sec 10509-3, GC, now of the new Probate Code, provides the order of priority in the appointment of administrator of an estate. The pertinent part of that section is as follows:

"Administration of the estate of an intestate shall be granted to persons hereinafter mentioned, in the following order:

"1. To the surviving spouse of the deceased, if resident of the state.

"2. To one of the next of kin of the deceased, resident of the county.

"3. To one of the next of kin of the deceased, resident of the state.

\* \* \*

"If there are no persons so entitled to administration, or if they are incompetent, or for any reason unsuitable for the discharge of the trust, or if without sufficient cause they neglect to apply within a reasonable time for the administration of the estate, their right to priority shall be lost, and the court shall commit the administration to some suitable person or persons, resident of the county, who may or may not be a creditor.

\* \* \*."

Analyzing this section in applying the facts of this case, we find there is no surviving spouse of the deceased. We find that the next of kin lacks capacity, being a minor, although she is a resident of the county. We find paragraph 3 has no application. This exhausts the priority as a matter of right enumerated in the statute, and brings the matter to that provision which states: "the court shall commit the administration to some suitable person or persons, resident of the county." This eliminates the proposition of legal discretion. Legal discretion means the exercise of a discretion where there are two alternative provisions of law applicable, under either of which the court could proceed. There is but one provision in the law pronouncing the priority to be given in the appointment of administrators. The proposition advanced by plaintiff in error that administration should be kept in line of succession would mean a reading into the statute the proposition that where the next of kin lacks capacity to be appointed ad-

ministrator, the nearest relative in the direct line would be entitled to priority in the appointment. While the court may construe statutes that are ambiguous, it may not change the plain reading thereof.

We find no authority in the law giving the brother, plaintiff in error here, a prior right to administration.

It is not contended that Myrtle Hendrixson, the grandmother, is not a suitable person to administer the estate. She is a resident of the county.

This appointment being within the discretion of the Probate Court, and she being a suitable person and a resident of the county, the court committed no error in making the appointment and in rejecting the application of the plaintiff in error.

The judgment is affirmed.

ROSS, PJ, and MATTHEWS, J, concur.