## HOPKINS v BARGER

Ohio Appeals, 4th Dist, Lawrence Co

No 539.  Decided Nov 18, 1935

A. R. Johnson, Ironton, for plaintiff in error.

O. E. Irish, Ironton, and David E. Crowe, Ironton, for defendant in error.

### OPINION

By BLOSSER, J.

In this proceeding in error the plaintiff in error seeks the reversal of the judgment of the court below in removing him as administrator de bonis non of the estate of Sarah Clark Lowry, deceased, and ordering him to turn over to E. L. Riley, administrator of the estate of J. W. Lowry, deceased, $1010.00 then in his possession belonging to the estate of said J. W. Lowry, deceased.  The application for removal was filed by Alice L. Barger, a sister, heir at law and next of kin of J. W. Lowry, deceased. She as such sister, heir at law and next of kin had such an interest in the estate as would authorize her to file the application for removal.

It is urged that there are no pleadings and no evidence upon which a judgment of this kind can be based.

Sec 10506-53 GC provides for removal in a case like this.  §10509-64 GC provides that when letters of administration are revoked and a new appointment is made the person so appointed shall take, demand and receive the goods, effects and estate of the deceased in the possession of the removed fiduciary.  §10509-20 GC provides for the appointment of an administrator de bonis non when there is personal property to be administered amounting to twenty dollars.

The record in this case discloses that at the time of the appointment of the administrator de bonis non of the estate of Sarah Clark Lowry, deceased, she had no personal

estate and therefore the court was without jurisdiction to make the appointment. Even though the attorneys agreed that the appointment should be made this could not confer jurisdiction on the court. The application for the appointment was insufficient and defective, and an examination of the evidence presented in the bill of exceptions clearly shows that the appointment was irregular, ill advised, and it was the duty of the court upon a proper application to revoke the appointment. The court's discretion in matters of this kind is very broad. 18 O. J. 129.

The court had jurisdiction of all the parties to this proceeding. The estates of Doctor Lowry and Mrs. Lowry were being administered in the Probate Court. When it developed that the administrator de bonis non had in his possession the sum of $1010.00 which belonged to the estate of Doctor Lowry it was the duty of the court to order that sum turned over to Doctor Lowry's administrator. The power of the court to make this order was a mere incident of the right of removal. It was authorized by the provisions of the code referred to and by the general rules of the law of administration. 11 R.C.L. 102.

We have examined all the questions raised in this proceeding and find no prejudicial error.

The judgment will be affirmed.

Judgment affirmed.

MIDDLETON, PJ, and McCURDY, J, concur.