## COONEY v ORTH

Ohio Appeals, 3rd Dist, Hardin Co

No 283.    Decided Nov 20, 1935

Cessna & Cessna, Kenton, and Justin McElroy, Ada, for plaintiff in error.

E. B. Wetherill, Kenton, for defendant in error.

## OPINION

By GUERNSEY, J.

In considering the questions involved in this case it must be kept in mind that the Probate Court under the constitution of Ohio, is a court of general jurisdiction in the matter of granting letters of administration; and as a court of general jurisdiction it has the right to determine its jurisdiction in any case where its authority to issue letters of administration is invoked.

Sec 10509-20 GC, with reference to the issuance of letters of administration de bonis non with the will annexed or otherwise, provides as follows:

"Sec 10509-20 GC. When a sole executor or administrator dies without having fully administered the estate, the court shall grant letters of administration, with the will annexed, or otherwise, as the case may require, to some suitable person, to administer the goods and estate of the deceased not administered, in case there be personal estate to be administered to the amount of twenty dollars, or debts to that amount due from the estate."

In order to invoke jurisdiction of the Probate Court to issue letters of administration under this section, it is necessary that the court find that there be personal estate to be administered to the amount of twenty dollars, or debts to that amount due from the estate. Application to administer an estate may be made by a person interested in the estate either as an heir or a creditor. But where an application for administration is made by a person other than an heir, the court in order to grant letters of administration must find that the applicant is a creditor of the estate in addition to finding the existence of either one or both of the jurisdictional grounds provided by the above section.

574

"Since the right of a creditor to administer is based on his supposed interest in the estate, when the status of creditor ceases his right to administer on the estate likewise ceases." 11 R.C.L. page 40.

Without discussing all the contentions of the plaintiff in error, it is sufficient for the purpose of this decision to state that there is substantial evidence tending to prove that plaintiff in error, who was the owner of the equity of redemption in the premises upon which the defendant in error holds the mortgage upon which he bases his claim, entered into an oral agreement with defendant in error whereby defendant in error agreed to accept a release of plaintiff in error's equity of redemption in settlement of defendant in error's mortgage and mortgage indebtedness, and that plaintiff in error tendered to defendant in error's representative a deed releasing such equity of redemption.

In the case of Shaw v Wallbridge, 33 Oh St page 1, and in the opinion of said case at page 5, it is held that a parol agreement to release an equity of redemption is sufficient under the statute of frauds. This being the case the evidence tends to prove a valid agreement extinguishing defendant in error's claim against the estate and terminating his status as creditor of the estate prior to the time of his making application for administration of the estate.

It was the function of the Probate Court to determine the jurisdictional and other facts from the evidence and as there was substantial evidence tending to prove that the defendant in error was not a creditor of the estate, and therefore not entitled to have letters of administration de bonis non with the will annexed issued thereon, the judgment of the Probate Court denying his application is not contrary to law, and under the rules set forth in 2 O. J. page 752, §663; and page 761, §667, the finding and judgment of the Probate Court is not subject to disturbance by a reviewing court as being against the weight of the evidence.

We therefore find that the judgment of the Common Pleas Court reversing the judgment of the Probate Court and entering final judgment in favor of defendant in error here, is erroneous and the judgment of the Common Pleas Court will therefore be reversed and the judgment of the Probate Court affirmed.

KLINGER and CROW, JJ, concur.