## STATE ex WEISS v FELDMAN et

Ohio Appeals, 7th Dist, Mahoning Co

No 2489.   Decided Nov 7, 1938

Barnum, Hammond, Stephens & Hoyt, Youngstown, for plaintiff-appellee.

M. A. Nadler, Youngstown, for defendants-appellants.

## OPINION

By CARTER, J.

The action below was one in mandamus. The relator, in his petition, alleges, in substance, that he is one of the next of kin of Jennie Weiss Unger, deceased, and that the respondents are the executive officers and trustees of the Children of Israel Congregation of Youngstown, Ohio, who are the owners and operators of the Children of Israel Cemetery, located in the City of Youngstown, Mahoning County; that at the time of the decease of Jennie Weiss Unger she was interred in the cemetery of the Children of Israel Congregation, and that she did not die of a contagious or infectious disease; that in November of 1936 an application was made to the trustees of the Children of Israel Congregation by the next of kin of Jennie Weiss Unger, deceased, all being of full age and of sound mind, requesting that a permit be granted for the disinterring of the body of Jennie Weiss Unger, so that said body could be conveyed to the City of Pittsburgh, Pennsylvania, and there reinterred; that permission for the disinterment was received from the public health department of the City of Youngstown, but that the relator was unlawfully refused permission by the Children of Israel Congregation to disinter the body; that the respondents have unlawfully refused and do now refuse to issue a permit for the disinterment of the body of Jennie Weiss Unger. And the prayer is that a writ of mandamus issue to these respondents requiring them to issue a permit for the disinterment and that the relator be given such relief as equity and good conscience require.

To this petition a joint answer of the respondents was filed, in which they allege that the petition does not set forth a cause of action against respondents, and denies that the relator was unlawfully refused permission to disinter the body of Jennie

Weiss Unger, and further say that they are the executive officers and trustees of the Children of Israel Congregation of Youngstown, which is an Orthodox Hebrew Congregation; that they maintain and operate not for profit, a cemetery known as the Children of Israel Cemetery under a charter from the State of Ohio; that the congregation and cemetery is governed by rules and regulations and was so governed on the date that Jennie Weiss Unger was interred; that among those rules and regulations are:

"After a body has been buried in the cemetery, the same shall forever remain and under no circumstances shall it ever be removed.

"All burials in said cemetery shall conform to the rules and regulations of said cemetery and congregation and shall be in strict accordance with the ritual of this congregation."

That these rules and regulations are binding upon the relator and the next of kin of Jennie Weiss Unger and that it is contrary to the Orthodox ritual to disinter a body and that to disinter this body contrary to these rules and regulations would be a violation of the right to religious freedom guaranteed by the Constitution of the State of Ohio; that the deceased now has living in the City of Youngstown two minor children and it would be contrary to all laws of morality and decency to allow the disinterring of the body and to compel the minor children to go to a city distant from Youngstown to visit the grave of their mother. They further deny that the next of kin of Jennie Weiss Unger now seek to disinter said body and further deny each and every other allegation not admitted and pray that the petition for mandamus be denied.

An alternative writ was by the court allowed returnable the 11th day of March, 1938, and the respondents were ordered immediately upon service of the order to proceed to issue a permit for the disinterment of Jennie Weiss Unger, deceased, or show cause at said time why they had not done so.

The cause came on for trial to the court, resulting in an allowance of the writ and appeal is prosecuted to this court.

The notice of appeal recites that this appeal is on questions of law and upon questions of law and fact. We are satisfied that the case herein presented is not a chancery case and therefore not triable de novo in this court. **State ex Carson et v Board of Education of Stocker Township, Harrison County, 115 Oh St 55,** and the notice of appeal may be amended by striking therefrom "and upon questions of law and fact."

This action is without doubt bottomed on the provisions of §§3467 and 3468 GC, which provides:

"**Sec 3467 GC**—The trustees or board of any cemetery association or other officers having control and management of a cemetery, shall disinter or issue a permit for disinterment, and deliver any body buried in such cemetery, on application of the next of kin of the deceased, being of full age and sound mind, to such next of kin, on payment of the reasonable cost and expense of disinterment. No such disinterment shall be made during the months of April, May, June, July, August and September, and in no event if the deceased died of a contagious or infectious disease, until a permit has been issued by the local health department.

"**Sec 3469 GC.** If such trustees or board or other officers in charge of the cemetery refused to issue a permit for disinterment, there shall be issued by the Court of Common Pleas of the county wherein the cemetery is situated, a writ of mandamus requiring such trustees or board or other officers to issue such permit."

It will be observed that §3467 GC provides that "on application of the next of kin of the deceased being of full age and sound mind, the trustees or board of the cemetery association or other officers having control and management of the cemetery shall disinter or issue a permit for disinterment and delivery of any body buried in said cemetery to such next of kin on payment of the reasonable cost and expense of disinterment." And §3469 GC provides that if these trustees or officers in charge of the cemetery refuse to issue a permit for disinterment here shall be issued by the Court of Common Pleas of the county wherein the cemetery is situated a writ of mandamus requiring such trustees or board or other officers to issue such permit.

The general rule is that "next of kin" denotes the person or persons nearest of kindred to the deceased, who are most nearly related to deceased by blood. Jennie Weiss Unger left surviving her a husband, two

minor children who are as yet minors, brothers, sisters and her mother. The husband, brothers, sisters and mother signed the application. It is the view of this court that neither the husband, the brothers, sisters or mother are the next of kin contemplated in §3467 GC; that the children are the next of kin contemplated therein and there being no children of lawful age to make the application, the surviving husband, brothers, sisters and mother cannot be substituted in their place and stead. The statute makes no such provision. We are aware of the holding of the Supreme Court in the cases of **Godfrey et v Epple et, 100 Oh St 447**, wherein the court held:

"The phrase 'nearest of kin' when employed in a last will and testament in the absence of language in the will manifesting a different interpretation, is to be so construed as to embrace within its meaning such as would inherit under the statute of descent and distribution and in the order and proportion therein provided."

However, it will be observed that the court was construing the provisions of a will in which the phrase "next of kin" was involved. We do not believe that the Legislature intended the husband or brothers, sisters or mother would constitute the next of kin as provided in this statute, that it was the intention of the Legislature that only those who could make application under this section would be the nearest kindred by blood which would of course be the children. The petition in mandamus was not subscribed by the husband but by one of the brothers of the deceased. The only witness called to substantiate the claim of relators was the brother who subscribed the petition. We are satisfied that the proper parties did not sign this application; neither did the proper parties bring this action in mandamus but assuming we are wrong in our conclusion that the husband is not one of the next of kin, and would treat this action as one in equity, what is the picture presented? Without referring to the claims of respondents regarding their rules, by-laws and regulations relating to disinterment and removal of a body after once interred in the Children of Israel Cemetery; the husband signed the application. When the cause came on for trial, respondents called as a witness on their behalf the husband. He testified that his signature to relator's Ex-

hibit A, being the application, was in ignorance of any rules and regulations of the cemetery association prohibiting same and desired to withdraw his permission and application for the removal of the body. The court apparently took no action on this desire of the husband.

In the case of **State ex Kahle v Rupert, Auditor, 99 Oh St 17,** the court say:

"In the absence of statutory provisions to the contrary an elector signing a petition authorized by the statutes of this state invoking either official or judicial action has a right to withdraw his name from such petition or if he be the sole petitioner to dismiss the same at any time before judgment has been pronounced or before official action has been taken thereon."

Assuming the husband is the next of kin, the application for withdrawal of his name left no one qualified to proceed further with the action. We think the court should have permitted this withdrawal and dismissed the case.

There are some further considerations in connection with the case at bar. The deceased has been buried in this cemetery since 1929. The two minor children reside in Youngstown in close proximity to the place of interment of the mother. The mother was a member of the Children of Israel Congregation. A costly and permanent monument has been placed at her grave. The minor children did not testify that they desired the removal. Under all these circumstances, if we should consider this action as one in equity, we believe the application should not have been allowed.

Coming to these conclusions the lower court is reversed and coming now to render the judgment which the lower court should have rendered, the writ is denied and the petition dismissed at costs of relator.

NICHOLS, PJ, and BENNETT, J, concur in the judgment.