## WELCH, ESTATE OF, In Re

Probate Court of Franklin Co

No 85293.
Decided Wednesday, May 24, 1939

R. R. Shaw, Delaware, for Joseph R. Ward.

Humes & McCallister, Attys., Delaware.

## OPINION

By McCLELLAND, J.

This matter comes before this Court on a motion of I. C. McKenzie, one of the heirs at law of Agnes Welch, deceased, for an order removing Joseph R. Ward, the duly appointed and qualified administrator of the estate of the deceased. The motion is based upon three grounds which will be taken up in the order in which they are set forth in the motion.

Agnes Welch died some time in February, 1939, intestate, and leaving as her heirs at law a brother and sister, both residing in Franklin County, and two other brothers in counties in Ohio other than Franklin. 'On March 8, 1939, there was filed in this Court a Declination of Administration in words as follows:

"We, the undersigned surviving spouse and the next of kin of said above named decedent, late of said County, who are residents of said County, hereby voluntarily renounce the administration of said Estate, and recommend the appointment of Joseph R. Ward, as administrator.

Dated this 21st day of February, 1939.
(Signed) Mary T. Stecher.
John McKenzie."

Upon the filing of the above declination, Joseph R. Ward was appointed and qualified as administrator of the estate. On May 12, 1939, a motion for removal was filed in this Court. The first branch of the motion recited that the deceased was a resident of and domiciled in Delaware County, Ohio, at the time of her death, and that this Court has no jurisdiction to appoint an administrator of her estate.

Considerable testimony was introduced relative to the residence of Agnes Welch at the time of her death. §10509-1 contains the following language:

"Upon the death of an inhabitant of this state, letters testamentary, or letters of administration on his estate, shall be granted by the probate court of the county in which he was an inhabitant or resident at the time he died."

Upon consideration of the testimony this Court has come to the conclusion that Agnes Welch moved from Delaware County where she had lived for fifty years, to the home of Mrs. Stecher, at Worthington, Ohio, in Franklin County, with the intention of making that her permanent residence. We have before us the uncontradicted testimony of Mrs. Welch that "she was never going back to the farm to live any more". She also told Mr. Ward that she was not going back after she had moved to the home' of Mrs. Stecher. She also removed her funds from the banks in

Delaware County, which circumstance also supports the contention that she did not intend to return to her former home in Delaware County.

Without discussing the law, we simply state that the matter of domicile or residence is largely a matter of intent, and we have concluded that when she moved from Delaware County, she intended and did move to Franklin County for the purpose of making that her permanent residence.

The second and third branches of the motion have given this Court more difficulty than the first branch. §10509-3, provides as follows:

"Administration of the estate of an intestate shall be granted to persons hereinafter mentioned in the following order:

1. To the surviving spouse of the deceased, if resident of the state.

2. To one of the next of kin of the deceased, resident of the county.

3. To one of the next of kin of the deceased, resident of the state.

Upon failure of the person or persons so entitled to administer the estate, voluntarily either to take or renounce such administration, if resident within the county, they shall be cited by the court for that purpose.

If there are no persons so entitled to administration, or, if they are incompetent, or for any reason unsuitable for the discharge of the trust, or if without sufficient cause they neglect to apply within a reasonable time for the administration of the estate, their right to priority shall be lost, and the court shall commit the administration to some suitable person or persons, resident of the county, who may or may not be a creditor."

It is very obvious that the last paragraph of the statute above quoted does not cover the situation which we have before us at this time. The statute specifies four circumstances, one of which shall exist before the Court

may appoint some other person. But it does not provide for a situation which arises when one declines the administration, especially if one has declined the right to administer and has requested the Court to appoint some specific individual named in the declination.

The leading and only case decided by the Supreme Court of Ohio was that of **Todhunter** v **Stewart**, reported in **39 Oh St 181.** That decision was rendered under a former statute, but in our opinion the principle remains the same. The Court in the body of its opinion uses the following language:

"It is the policy of this statute to intrust the administration to those who are most interested in the estate, if competent, suitable, and willing to undertake the trust. It is insisted, however, that the probate court has no jurisdiction to appoint, as administrator, any person who is not a resident of the county, and that this is implied by the provision of the statute requiring citation, or notice, only when the next of kin are "resident within the county." This is not the proper construction of the statute. It gives to the persons mentioned, in the order prescribed, the absolute right to letters of administration, subject only to the conditions that they are competent, suitable for the discharge of the trust, and do not neglect, without sufficient cause, to take administration. The construction contended for is not authorized by the language, or policy of the law, or by the practice of the courts."

It seems to this Court, therefore, that the statute above quoted creates at the time of the decedent's death the right to administer his estate, but it is entirely silent as to what rights, if any, are created on the part of any one when one entitled to administer an estate renounces his right thereto. It is the policy of the law as

stated in the case of Todhunter v Stewart to entrust the administration of an estate to those who are most interested, and that is, to those who will inherit the estate. Under the statute, the widow has the first right to administer the estate, if she be a resident of the state. If there be no surviving spouse, or, if the surviving spouse is not a resident of the state, then the right passes to the next of kin residing in the county of the deceased. In this case, the next of kin residing in the county renounced the administration in favor of Mr. Joseph R. Ward. The only question we have therefore, is the effect of the renunciation.

The text writer of Addams & Hosford, discussing the right of renunciation, uses the following language:

"The right given by statute to administer may be renounced. But no appointment should be made over the right of a person entitled to an appointment without the record in some manner showing the fact that the right has been lost. The renunciation may be spontaneous, in which case it should be in writing and filed with the court, or it may be under citation of an interested party. The renunciation may be absolute or conditional; in any case it may be retracted before an appointment is made. If the renunciation is made on the condition that a certain person be appointed, and such person does not receive the appointment, the renunciation is void."

The text writer then refers to the case of Rinehart v Rinehart, reported in 27 N. J. Eq. 475. In this case, the next of kin declined in favor of another person, if he could find security. The Court held in that case that the renunciation was not absolute, and upon failure of the person nominated to procure the necessary security, the court held that the renunciation did not preclude their right to administer.

The text writer also refers to McClelland's Appeal, 16 Pa., St. 110, 116, in which the widow renounced in favor of a particular person, and the court held that that renunciation did not preclude the widow from administering the estate, when the person so nominated failed to qualify. The same principle is also followed in the case of Brodie v Mitchell, 85 Md. 516.

Considering the case at bar in the light of the law laid down in the cases hereinbefore cited, we are compelled to come to the conclusion that when the two next of kin residing in the the county declined in favor of Mr. Ward, their declination was conditional, but not absolute. It is elementary that one, who has a right to administer an estate, cannot be compelled to administer same. It therefore follows that one may renounce the right of administration, but it does not follow in the light of the authority which we have considered, that when renouncing the right to administer, he may nominate one to serve in his stead. The next of kin in Franklin County renounced in favor of Mr. Ward, which they had a perfect right to do, but the Court is under no obligation to appoint Mr. Ward, nor does the Court have the power or authority to appoint Mr. Ward over the protest of any of the class entitled to administer after those residing in the county.

We therefore must come to the conclusion that the appointment of Mr. Ward was invalid, and an order may be drawn accordingly.

We might add this reflection, that it appears to this Court that anyone entitled to administer the estate should be permitted to designate some other person to act in his stead, subject of course, to the approval of the probate court. Take for instance, the case of a surviving husband who had married a wife who had children by a former

marriage. She dies intestate, possessed of property which was accumulated both by her and her husband. The husband is aged or infirm, but mentally competent to administer the estate. He may not desire to assume the responsibility and the work of administering the estate, and may desire some other good friend, and suggests the name of that good friend to administer the estate in place of himself. It seems that equity and justice would require that the Court should recognize the wishes of a person under the circumstances above stated, and appoint one of his choice, especially, where circumstances are such that there is not a good feeling between the surviving spouse and the next of kin. We, however, are bound by the rule of stare decisis, and are therefore compelled to follow the rule laid down in the 39th Ohio State, with the conclusion as above stated.