## MORRIS, ESTATE OF, In Re.

Probate Court, Jackson County.

Decided June 23, 1943.

E. E. Eubanks, Jackson, and C. H. Hogan, Wellston, for Ed. F. Jones and E. Paul Evans, Administrators d.b.n. c.t.a. of the Estate of David Morris, deceased, Petitioners.

Frank DeLay, Jackson, for Elizabeth S. Evans and Ed. F. Jones, Executors of the Estate of Sallie D. Jones, deceased.

Henry W. Cherrington, Gallipolis, for Thomas J. Lewis et.

M. M. Carlisle, Jackson, and Davis, Klahr & James, Denver, Colorado, for Elizabeth Boyce.

## OPINION

By SLAVENS, J.

Ed F. Jones and E. Paul Evans, hereinafter designated as the petitioners, were appointed administrators d.b.n. c.t.a. of the estate of David Morris, deceased, who, during his lifetime, was a resident of Madison Township, Jackson county, Ohio.

The petitioners instituted the present proceeding to determine the identity of those who are entitled to the residue of the estate of their decedent. After the payment of certain specific legacies there remains for distribution approximately $16,000.00. The petitioners allege that their decedent left no surviving spouse. no surviving children or their lineal descendants, no surviving parent, no surviving brothers or sisters, either of the whole or of the half blood, no surviving lineal descendents of deceased brothers or sisters; no surviving paternal or maternal grandparent, no surviving lineal descendants of decaesed paternal grandparents or either of them and no surviving lineal descendants of deceased maternal grandparents or either of them.

Item 4 of the last will and testament of the testator reads as follows:

I hereby nominate and appoint Benner Jones, of Jackson, Ohio, Executor of my Will and Estate, and I direct that no Bond be required of him as such Executor, and in the event of the death, refu-

sal or inability of said Benner Jones to serve as such Executor, I direct that the Probate Court appoint some suitable person as Administrator with the Will annexed, with the same power, authority and discretion conferred upon my Executor herein, and I authorize, empower and direct that my said Executor, if necessary so to do to reduce the same to cash or money, shall sell and dispose of all of my estate and property, real and personal, of every kind, character and description, at public or private sale within his discretion, without the order or intervention of any court therefor, at such times and on such terms and conditions as he shall deem proper, and to execute and deliver all writings, deeds, transfers and assignments therefor, to complete a valid and regular sale or sales therefor, and after payment of all my debts, costs, charges and lawful expenses of the administration of my estate and the payment and satisfaction of Items 1, 2 and 3 hereof, the residue of the proceeds and assets of my estate and property in the hands of my Executor for distribution shall be by my Executor divided and distributed to and among my next of kin and heirs at law under the statutes of descent and distribution of the State of Ohio, and in the order and proportion therein provided.

The last will and testament of David Morris was executed on the 10th day of August, 1940. The testator died on the 2nd day of December, 1940. The last will and testament was admitted to probate in this court on the 23rd day of January, 1941.

The decedent, David Morris, was the son of Ann Davis Morris, who was the daughter of Mary Jones Davis. Mary Jones Davis was the sister of Benjamin Jones, David D. Jones, and Joshua Jones. Benjamin Jones and Joshua Jones had no children. David D Jones, their brother and also the brother of Mary Jones Davis (the grandmother of David Morris, decedent herein), was the father of eight children, all of whom were deceased at the date of the death of David Morris except Sallie D. Jones, who died without issue on September 8, 1941. Sallie D. Jones had three brothers and four sisters, all of whom were deceased at the date of the death of David Morris, but all left lineal descendants surviving them. except Elizabeth Jones. The lineal descendants of the brothers and sisters of Sallie D. Jones were made parties defendant herein.

David Morris was the son of Timothy Morris. Timothy Morris was the husband of Ann Davis Morris, and they were the parents of an undisclosed number of children in addition to David Morris. These children either died in infancy or pre-deceased David Morris, and none left descendents. The first name of the father of Timothy Morris is unknown but it is established that he was the only brother of Mary Morris, who married Lewis Lewis. To the marriage of Mary Morris and Lewis Lewis was born a son, John L. Lewis, who had no brothers or sisters. John L. Lewis, deceased prior to David

Morris, was the father of five children, all of whom survived David Morris, and who were made parties defendant herein.

The competing groups for the residue of the estate of David Morris are the members of the Lewis family, whose grandmother was the only sister of ———— Morris, the grandfather of David Morris; the lineal descendents of the children of David D. Jones; and the executors of the estate of Sallie D. Jones, the daughter of David D. Jones.

The question involved is not one for the construction of the Will of the decedent, and no evidence was presented as indicative of the testator's supposed intention. The provisions of the will are clear, plain and unambiguous. The question involved is the determination of the identity of those persons who shall be entitled to participate in the residue of the estate in accord with the provisions of Item 4 of the Will.

It is apparent that the Statute of Descent and Distribution is the polar star and guidepost, for by reference to it the Court must ascertain not only who are to participate in the residue of the estate but also in what proportion they are to take.

It is admitted by all parties and the evidence clearly establishes that there is no person or class of persons or classes of persons embraced within the provisions of paragraphs one, two, three, four, five, six and seven of §10503-4 GC.

The evidence indicates that ¶8 of §10503-4 GC, in its present form is the controlling paragraph of the Statute of Descent and Distribution referred to in the will of the testator and there have been no amendments to §10503-4 GC, since the date of the execution of this Will. **Paragraph 8 of §10503-4 GC,** is as follows:

"If there be no paternal grandparent or no maternal grandparent, then such one-half to the lineal descendants, if any, of such deceased grandparents, per stirpes; if there be no such lineal descendants, then to the surviving grandparent or grandparents or their lineal descendants. per stirpes; if there be no surviving grandparents or their lineal descendants, then to the next of kin of the intestate. There shall be no representation among such next of kin."

It was further established that David Morris left surviving him no paternal grandparent or maternal grandparent, or their lineal descendants. The controlling words in ¶8 of §10503-4 GC are "then to the next of kin of the intestate. There shall be no representation among such next of kin."

To affectuate the direction of the testator it becomes necessary to determine the identity of the "next of kin and heirs at law under the Statutes of Descent and Distribution of the State of Ohio".

**Section 10503-2 GC** is of assistance in this particular and it is therein provided:

"In the determination of intestate succession, next of kin shall be determined by degrees of relationship computed by the rules of Civil Law."

Under the civil law the degree of consanguinity is computed by going from the intestate to the common ancestor and from the common ancestor to the claiming heir. (Adams and Hosford, Ohio Probate Practice, page 493). This method is explained in 14 O. Jur., page 174, as follows

"By the Civil law method of computing relationship, on the other hand, the degrees between the common ancestor and the intestate were added to those between the former and the claimant in order to ascertain the degree of relationship."

It was early established in Ohio that the phrase "next of kin" had reference to those persons related by blood who take the personal estate of one who dies intestate, and they bear the same relationship to personal estate as the word "heirs" does to real estate (14 O. Jur., page 179; Clayton v. Drake, 17 Oh. St., 368). This is expressed in State ex rel. Weiss v. Feldman, 28 Abs 104, in the following manner:

"The general rule is that "next of kin" denotes the person or persons nearest of kindred to the deceased who are most nearly related to the deceased by blood."

In an application of the above stated authorities it appears that Sallie D. Jones was a relative five degrees removed from David Morris and she was the only person of this degree of relationship on the maternal side of his family living at the time of his death. It further appears that the members of the Lewis family are six degrees removed from David Morris on the paternal side of his family. The remaining group is composed of children and grandchildren of deceased brothers and sisters of Sallie D. Jones, and they are, of course, farther removed from David Morris than was Sallie D. Jones.

It then follows that Sallie D. Jones was the only living relative of David Morris, at the time of his death, bearing a relationship to him of five degrees or less. The other living relatives at the time of his death bore relationships of six or more degrees. Sallie D. Jones was his only next of kin.

It is to be noted that ¶8, §10503-4 GC concludes with the following sentence:

"There shall be no representation among such next of kin."

The principle of representation contemplates the heir standing in the place of his ancester and is defined in this language:

"Representation is that rule of law by which the children, or their descendants, of a deceased person, who, if he had lived, would have taken property by virtue of an intestacy, stand in his place so as to take the property which he would have taken had he lived." 26 C. J. S., page 1029, par. 23.

It was early established in Ohio that there was no representation among "next of kin" implied in the Statute of Descent and Distribution (Clayton v. Drake, 17 Oh. St., 368) but judicial interpretation indicated a desire to permit the principle of representation to extend to and become a part of the then paragraph similar to ¶8, §10503-4. (Schroth v. Noble, 91 Oh. St., 438; Weisflock v. Sigling, 116 Oh. St., 435). To curtail that tendency, ¶8 of §10503-4 was made positive and unambiguous in that particular by the inclusion of the sentence: "There shall be no representation among such next of kin."

The principle of representation having been stricken from consideration in a case involving an interpretation of ¶8 of §10503-4, it would appear that only those who are the actual next of kin, and not representatives of former living persons who may have been "next of kin", are the persons who benefit by this paragraph and also the concluding sentence thereof.

Sallie D. Jones was the next of kin of this testator at the time of his death. The principle of representation having been excluded by express language, there is no person and there are no class or classes of persons who can claim the benefit of the principle, to the detriment or curtailment of her interest in the residue of the estate. It is apparent that the residue of the estate passed to Sallie D. Jones under the residuary clause contained in Item 4 of the last will and testament of the decedent.