## FIELDS, Estate of, In Re.

Ohio Appeals, Second District, Greene County.

No. 484. Decided November 21, 1944.

Miller and Finney, Xenia, for appellant.
Marshall & Marshall, Xenia, for appellee.

GUERNSEY, J., of the Third Appellate District sitting by designation in place of Barnes, P. J.

## OPINION

By GEIGER, J.

This cause is before the Court of Appeals of Greene County, on appeal from a judgment of the Probate Court of that county rendered in August, 1944, the appeal being on questions of law.

The Probate Court made a finding of facts which we may briefly summarize.

Ida May Fields, a resident of Greene County, died intestate June 14, 1944, leaving no surviving spouse. The only heirs-at-law of the said Ida May Fields were James O. Fields, son, an adult, residing in Darke County; William Roy Fields, son, an adult, residing in Greene County; George H. McHenry, grandson, an adult, residing in Greene County; Lewis L. McHenry, grandson, an adult, residing in Montgomery County; Inez M. Turner, granddaughter, an adult, residing in Montgomery County.

On June 16, 1944, George McHenry, a grandson, residing in Greene County, filed his application to be appointed administrator of the decedent's estate, and on June 17, 1944, William Roy Fields, a son and resident of Clark County, filed his application to be appointed administrator. Both of these

applicants had the recommendation of the other members of their several families. The court concluded that the statute controlling the appointment of the administrator is §10509-3 GC, which provides:

"TO WHOM LETTERS OF ADMINISTRATION SHALL BE GRANTED. Administration of the estate of an intestate shall be granted to persons hereinafter mentioned, in the following order:
1. To the surviving spouse of the deceased, if resident of the state.
2. To one of the next of kin of the deceased, **resident of the county.**
3. To one of the next of kin of the deceased, resident of the state." (emphasis ours)

Sec. 10503-2 GC is to the following effect:

"NEXT OF KIN; HOW DETERMINED. In the determination of intestate succession, next of kin shall be determined by degrees of relationship computed by the rules of civil law."

The Court holds that this last section has no application in the instant case and that §10509-3, **sub-section 2, GC,** is the only controlling statutory provision of the law, and that the same qualifies George McHenry as one of the next of kin, a grandson of the intestate and a resident of Greene County, in preference to William Roy Field, a son, residing in a county other than that of the decedent, and the application of George McHenry was by the Court sustained and the application of William Roy Fields, a son, is dismissed.

## ASSIGNMENTS OF ERROR

Counsel claims that the action of the court was erroneous in that (1) the application of George McHenry should have been dismissed and the application of William Roy Fields should have been sustained; (2) that the finding and order of the court is contrary to law; (3) that the application of the law to the facts by the court is erroneous.

Counsel, in addition to the statutes orally referred to, cites §10506-65, **GC,** providing that an administrator * * * shall be a resident of this state, and shall be removed on proof that he is no longer such resident.

Counsel assert that the sons of Ida May Fields, to-wit, the appellant and his brother, are the next of kin, being in

the nearest degree of consanguinity, and remain such next of kin whether they reside in Greene County or in Clark County, or in any other county, and that George McHenry, appellee, and grandson of decedent, is one of the representatives of a deceased next of kin and not a next of kin.

We call attention to §10503-8 GC. This section is to the effect that if some of the children of an intestate are living and the others are dead, the estate shall descend to the children who are living and to the lineal descendents of such as are dead.

This puts the children and the grandchildren on equality so far as the inheritance is concerned, and seems to avoid any injustice that might flow from the decision in **Clayton v Drake, 17 Oh St 367.** At least, it is a provision of the statute that children and grandchildren shall have the same right to inherit the decedent's property.

"The words 'next of kin', as used in Sec. 6005 Rev. Stat., mean those relatives who, at the time of appointment, would inherit in case of intestacy." (The Section referred to is now §10509-3 GC) McCallip v Sharp, 13 O. D. (NP) 650.

"The term 'next of kin' in its technical legal meaning * * * means persons nearest in degree of blood surviving; but in its practical use the term has come to mean ordinarily those persons who take estate of the deceased under the statutes of distribution." Wilcox vs. Bierd, et al., 162 N. E. 170.

" 'Next of kin' is defined as the person or persons of nearest degree of relationship by blood to a person; hence blood relatives of person who in case of his death intestate will be entitled by virtue of statute of distribution to share in his estate." Equitable Trust Co., of Columbia, v Epling, et al., 167 S. E. 620.

Counsel cites:

**Todhunter v Stewart, 39 Oh St 181;**
**Shumacher v McCallip, 69 Oh St 500;**
**Froche Estate, 27 Abs. 591;**
Estate of Patterson, 26 N. F. (NS) 580;
**Clayton, et al. v Drake, 17 Oh St 368;**
**Shannon v Hendrixon, 20 Abs. 316;**
**In re Estate of Morris, 39 Abs. 187;**
**In re Estate of Welch, 29 Abs. 144.**

Counsel for appellee takes the position that §10509-3 GC gives the right of appointment to George McHenry, the grandson living in Greene County. Counsel for appellee cites the view expressed by the Probate Judge that §10503-2 GC has no application whatever to the appointment of administrator and it is urged that this section sets forth the manner of determining the next of kin for succession purposes only and that §10509-3 GC is the only section having to do with the appointment of administrators, and the manner of determining who should be appointed, and that this section is mandatory in this case.

Counsel for appellee discusses the cases of:

**Todhunter v Stewart, 39 Oh St 181;**
**Clayton v Drake, 17 Oh St 368;**
**Shannon v Hendrixon, 20 Abs. 316;**
**Godfrey v Epple, 100 Oh St 447;**
**Weisflock v Sigling, 116 Oh St 435;**
**Schroth v Nobel, 91 Oh St 438;**
**Steel, Admr. v Krutz, 28 Oh St 191;**
Ampey v Hirsch, 20 O. N. P. (NS) 1;
**Prickett v Parker, 3 Oh St 494;**
**Curren v Taylor, 19 Ohio 36;**

We have read the numerous cases cited by each side, and without specific discussion we are of the opinion that the court below did not err in appointing McHenry; that he was entitled to such appointment under the provisions of §10509-3 GC.

The case that has given us the most concern is that of **Clayton v Drake, 17 Oh St 368,** but we conclude that that case relates solely to the statutes of descent there under consideration, and does not relate to the statute designating the person entitled to administration as in the case at bar.

There is a very good reason for the provision in the statute which requires the appointment of an administrator resident of the county. The Probate Court has frequent occasion to consult with the administrator and examine the progress being made in the settlement of the estate. The court can accomplish this much more readily if the administrator is within the jurisdiction of the court, rather than a resident of some other county in the state.

Decision of the Court below affirmed. Cause remanded.

HORNBECK and GUERNSEY, JJ., concur.