**CASSELL Estate of In Re.**

Probate Court, Montgomery County.

No. 81367.   Decided March 18, 1948.

E. H. and W. B. Turner, Dayton, for Jesse Engle, applicant.
Landis, Ferguson, Bieser, and Greer, Dayton, for the Winters National Bank and Trust Company, Administrator de bonis non of the estate of Ezra J. Cassell, deceased.

## OPINION

By LOVE, J.

This matter came on to be heard upon the application of Jesse H. Engle, a cousin of Ezra J. Cassell, deceased, for an order vacating the former order of this Court reopening the estate of Ezra J. Cassell, deceased, and appointing the Winters National Bank and Trust Company of Dayton, Ohio as administrator de bonis non, a stipulation of facts, briefs of counsel, and the evidence.

It appears that Ezra J. Cassell died intestate on October 3, 1936 leaving his widow, Myrtle T. Cassell, and two non-resident minor grandchildren, Mary Joanne Miller and Charles Richard Miller. His widow was duly appointed administratrix by this Court on October 21, 1936, and her second and final account was settled and approved on September 1, 1939. According to the records of this Court said estate was completely administered, all debts of the decedent and costs and expenses of administration were fully paid, and a correct distribution of the assets of said estate was made in accordance with the statutes of descent and distribution. No exceptions to said account were ever filed, and the order approving said account and discharging said administratrix has never been vacated.

Myrtle T. Cassell died testate on October 9, 1945, and Jesse C. Cassel was duly appointed executor of her estate on November 7, 1945.

On March 5, 1946 the Winters National Bank and Trust Company of Dayton, Ohio filed an application to reopen the estate of Ezra J. Cassell alleging knowledge "of the existence of certain newly discovered assets of the decedent" and the necessity of reopening said estate "in order to properly claim, administer, and dispose of said assets." At the same time said trust company filed an application to be appointed administrator de bonis non alleging that the decedent "left personal property in the form of newly discovered assets of the estimated value of - - - - - - $ undetermined And real estate of the estimated value of - - - - - - $————" (undetermined) and that the next of kin and heirs at law of Ezra J. Cassell were his wife, Myrtle T. Cassell, who was then deceased, and the two minor grandchildren mentioned above whose residences were given as East Palestine, Ohio. The Court by entry reopened said estate, issued letters to, and appointed the Winters National Bank and Trust Company of Dayton, Ohio as administrator de bonis non.

On the day following the trust company's appointment it presented and served a claim upon Jesse C. Cassel, executor of the estate of Myrtle T. Cassell which was refused and disallowed as a claim against said estate on April 15, 1947.

On June 13, 1947 the trust company filed an action on said claim against Jesse C. Cassel as such executor in the Common Pleas Court of Montgomery County, Ohio. The basis of said claim is that Myrtle T. Cassell during her lifetime was in possession of a last will and testament of her deceased husband, Ezra J. Cassell, which she failed to produce for probate within three years after his death; that said will was under her control and she concealed or destroyed the same; that by reason of §10504-14 GC, no right, testate or intestate, passed to said Myrtle T. Cassell; that her second and final account filed on July 25, 1939 discloses assets which were distributed to her as the surviving spouse and that other instruments disclose that real estate and other assets were sold or passed to her contrary to the provisions of §10504-14 GC; and that said assets should have been distributed and transferred to Mary Joanne Miller and Charles Richard Miller, the grandchildren of Ezra J. Cassell, deceased.

The application of Jesse H. Engle to vacate the order reopening the estate of Ezra J. Cassell and the appointment of the administrator de bonis non lists a number of blood relatives and alleges that he and some of those listed are next of

kin resident of the county and that others listed are next of kin resident of the state. The blood relatives include a nephew, two nieces, and fourteen cousins. The application further alleges that the Winters National Bank and Trust Company of Dayton, Ohio failed to cite or to obtain a waiver or a renunciation from said next of kin. For this reason it is claimed that said entry appointing the trust company administrator de bonis non should be vacated.

At the hearing of this cause counsel for the trust company orally moved that the application to vacate its appointment be dismissed on the ground that Jesse H. Engle, the applicant, has no interest in the estate of Ezra J. Cassell and cannot be heard to object to the proceedings in connection therewith. This motion and the resulting question will first be discussed.

Sec. 10509-3 GC, provides:

"Administration of the estate of an intestate shall be granted to persons hereinafter mentioned, in the following order:

1. To the surviving spouse of the deceased, if resident of the state.

2. To one of the next of kin of the deceased, resident of the county.

3. To one of the next of kin of the deceased, resident of the state.

"Upon failure of the person or persons so entitled to administer the estate, voluntarily either to take or renounce such administration, if resident within the county, they shall be cited by the court for that purpose.

"If there are no persons entitled to administration, or if they are incompetent, or for any reason unsuitable for the discharge of the trust, or if without sufficient cause they neglect to apply within a reasonable time for the administration of the estate, their right to priority shall be lost, and the court shall commit the administration to some suitable person or persons, resident of the county, who may or may not be a creditor.

"**The provisions of this section shall also apply to the appointment of an administrator de bonis non.**" (Emphasis ours.)

The court in **Shannon v. Hendrixson, 20 Abs 316,** analyzes the above section and the court's discretion as it applies to the appointment of the nearest relative in direct line from the decedent where the next of kin entitled to priority are incompetent. A. S. died leaving one child a minor; applica-

tions for letters of administration were filed by the minor's grandmother and the decedent's brother. The probate court granted letters to the grandmother. The brother appealed. The Court of Appeals of the First District held that the probate court had committed no error. The effect of this decision was that neither the grandmother nor the brother of decedent was entitled to priority. The court said on page 317:

"We find that the next of kin lacks capacity, being a minor, although she is a resident of the county. . . . . This exhausts the priority as a matter of right enumerated in the statute, and brings the matter to that provision which states: 'the court shall commit the administration to some suitable person or persons, resident of the county.' "

In the case at bar the surviving spouse was deceased. This excludes paragraph one. There were no next of kin resident of the county; therefore the priority fell to the next of kin as set forth in paragraph three. But the grandchildren of decedent who were next of kin resident of the state were minors, therefore incompetent. This exhausts all priority as in the above case. There was no person or persons entitled to administer; therefore no citation was required. The Court acquired discretion to commit the administration to some suitable person or persons resident of the county who may or may not be a creditor as provided by the above statute.

**In Re: Estate of Golembiewski, 146 Oh St 551, 33 O. O. 41,** decided May 15, 1946 by the Supreme Court, is also helpful in analyzing the case at bar. The probate court had denied the applications for letters of administration filed by the decedent's minor widow and his father but appointed the widow's guardian instead. The Supreme Court affirmed the Court of Appeals which had reversed the probate court and held that the father as next of kin was entitled to consideration irrespective of the extent of his interest in the assets of the estate. The fifth syllabus reads:

"The right of priority of such next of kin is not dependent upon the **extent** of his interest in the assets of the estate." (Emphasis ours.)

The word "extent" refers to the size of the father's interest. Under the statutes of descent and distribution the widow would receive three-fourths and the parents one-fourth.

From the above cases it seems settled that next of kin include only those persons who take under the statutes of descent and distribution. Jesse H. Engle would receive nothing. Neither he nor the others listed in the application to vacate the appointment would be entitled to consideration as they were not next of kin who would be entitled to priority within the meaning of §10509-3 GC. By reason of the statute, therefore, the trust company was such a person resident of the county suitable to be appointed if the court in its discretion found reason to do so; and no notice or citation to or waiver or renunciation of blood relatives was required. Furthermore Jesse H. Engle or the other relatives resident of the county listed in his application obtained no right either inferior or superior to that of the Winters National Bank and Trust Company of Dayton, Ohio. Those relatives resident of the county, if suitable persons, would have been just as capable to receive an appointment as the trust company. All of said relatives and the trust company were strangers to the estate of Ezra J. Cassell at the time the Court appointed the trust company as administrator de bonis non. If this were all there was to this case, the trust company's motion would have to be sustained. But the pleadings, the record, the briefs, and the evidence disclose other matters much more serious than Jesse H. Engle's principal contention.

When a person, even though a stranger, makes an appearance in this Court and challenges its jurisdiction to appoint an administrator de bonis non, his contention will not be bypassed by the mere technicality of an oral motion. It is a well settled principle of law that if a court is without jurisdiction to make an order, any such order is void ab initio. Therefore, if the Court did not have jurisdiction to appoint the Winters National Bank and Trust Company of Dayton, Ohio as administrator de bonis non, no act of said trust company will be valid and its appointment can be directly or collaterally attacked at any point in any proceeding at any time when it assumes to do some act as a duly appointed administrator de bonis non. If the trust company is without authority, many further serious complications may arise which may affect the rights of some party in interest, create more litigation, complicate the issues, or extend the time during which the issues may be litigated.

Whether the trust company's motion should be sustained or denied is a mere technicality when such a serious charge is made that an administrator de bonis non cannot lawfully act because the court which has the power to clothe a fiduciary

with lawful authority has not the power to make the appointment. It matters not by whom or just how such a question is raised. The attorneys who are officers of this Court, any person having knowledge of a state of facts which may affect the Court's jurisdiction, or the Court itself on its own motion are all proper parties, in this Court's opinion, to raise a question as fundamental as the Court's jurisdiction.

If the trust company's appointment is void, then we have a situation where two strangers oppose each other in this Court. Therefore, the Court will in its discretion examine the entire case with particular reference to the jurisdictional question before passing on the trust company's motion.

To determine the Court's jurisdiction, a review of the applicable statutes from which the Court's power is derived is necessary.

Sec. 10509-1 GC, paragraph one, provides:

"Upon the death of a resident of this state, intestate, letters of administration of his estate shall be granted by the probate court of the county in which he was a resident at the time he died."

Sec. 10509-3 GC, which applies to those persons to whom letters of administration shall be granted, has already been set forth in full. This section applies to the appointment of an administrator de bonis non.

At this point it should be said that if the Court were examining its jurisdiction to appoint an administrator, there would be no question about the validity of the trust company's appointment. But in the case at bar §10509-20 GC, must be given full effect as it relates to other sections of the code. It provides:

"When a sole executor or administrator dies without having fully administered the estate, the court shall grant letters of administration, with the will annexed, or otherwise, as the case may require, to some suitable person, to administer the goods and estate of the deceased not administered, in case there be personal estate to be administered to the amount of twenty dollars, or debts to that amount due from the estate."

In Cooney v. Orth, 20 Abs 570, decided by the Third District

Court of Appeals on November 20, 1935, the court said on page 573:

"In considering the questions involved in this case it must be kept in mind that the Probate Court under the constitution of Ohio, is a court of general jurisdiction in the matter of granting letters of administration; and as a court of general jurisdiction it has the right to determine its jurisdiction in any case where its authority to issue letters of administration is invoked."

After setting forth §10509-20 GC, in full, the court continued:

"In order to invoke jurisdiction of the Probate Court to issue letters of administration under this section, it is necessary that the court find that there be personal estate to be administered to the amount of twenty dollars or debts to that amount due from the estate. Application to administer an estate may be made by a person interested in the estate either as an heir or a creditor. **But where an application for administration is made by a person other than an heir, the court in order to grant letters of administration must find that the applicant is a creditor of the estate in addition to finding the existence of either one or both of the jurisdictional grounds provided by the above section.**" (Emphasis ours.)

This Court agrees with that portion of the court's holding above which is not emphasized but disagrees with the court's statement of the law which has been emphasized. The Third District Court of Appeals failed to give full effect to §10509-3 GC, which is in para materia with §10509-20 GC. At the time the application for an appointment as administrator de bonis non with will annexed was filed in the Cooney case, §10509-3 GC was applicable to the appointment of administrators de bonis non with will annexed as well as administrators de bonis non. Before §10509-3 GC was amended, effective September 2, 1935, said Section provided that where priority was lost the court should commit the administration to some suitable person or persons resident of the county who may or may not be a creditor. Sec. 10509-4 GC, is also in para materia with the aforesaid sections; therefore, in any case where the priority as provided by §10509-3 GC is lost, the correct rule is that an application may be made by and the Court may grant letters of administration with will annexed or otherwise to any suitable person or persons whether a creditor or not to administer the goods and chattels of

the deceased **not administered** providing: (1) the sole executor or administrator dies without having fully administered the estate and (2) that there be personal estate to be administered to the amount of twenty dollars or (3) debts to that amount due from the estate.

It is interesting to note that if the entire holding in the Cooney case were adopted unconditionally, the Winters National Bank and Trust Company of Dayton, Ohio would have no standing in court no matter how carefully it might have complied with §§10509-20 and 10509-3 GC because it was neither an heir or creditor. With such a result this Court disagrees because in those cases where the right to priority has been lost the probate court would find itself in a situation where the executor or administrator died leaving the estate open and no one eligible to file an application for or to receive a successor appointment to complete the administration. The legislature never intended any such result either before or after the amendment to §10509-3 GC. There are no limitations in the above mentioned sections relative to the class of persons who may file an application. Any person who would have the right to receive an appointment is a proper person to begin proceedings.

It is quite apparent in the case at bar that the administratrix of the estate died after having completely administered the estate, that no debts were due from the estate to anyone, nor was the Winters National Bank & Trust Company of Dayton, Ohio, in possession of personal estate to be administered to the amount of twenty dollars **unless** the allegation contained in the application for the appointment and in the application to reopen the estate that there were newly discovered assets was sufficient to give the Court jurisdiction to make the appointment.

The newly discovered assets in the form of personal property were given the value of "undetermined." The trust company suggested that it would later file "an itemized report of said assets with an estimate of value as provided by §10509-147 GC." The application is defective on its face. Furthermore, the facts conclusively disclose that the newly discovered assets were not such assets as is contemplated by §10509-147 GC. This section provides:

"When newly discovered assets come **into the hands of an executor or administrator** after the filing of the original inventory, he shall administer, account for, and distribute such assets in like manner as if received prior to the filing of such inventory. . . . ." (Emphasis ours.)

The trust company is merely asserting a claim against the executor of Myrtle T. Cassell's estate based upon her alleged wrongful act. If it be proved that Myrtle T. Cassell did have a will which she intentionally concealed, the entire administration would have to be set aside and an executor or administrator with will annexed appointed as provided in §10509-21 GC. In any event there were no newly discovered assets in the possession of the trust company because in face of the complete administration of the assets by Myrtle T. Cassell, there can be no newly discovered assets concerning the same assets which the administratrix has already administered. If there had been assets which Myrtle T. Cassell had failed intentionally or unintentionally to administer, then a different situation would have been presented. No such showing was alleged or found to exist. Accordingly it is the opinion of this Court that the term "newly discovered assets" as used in §10509-147 GC, contemplates assets concerning which no administration has been had; and, where there was no showing that there was any unadministered "personal estate to be administered to the amount of twenty dollars," which is one of the conditions which must exist in order for a court to appoint an administrator de bonis non, the Court is without jurisdiction to make the appointment.

It should be pointed out that in deciding this case the Court had under consideration the provisions of §10506-55 GC, particularly the last paragraph. Sec. 10509-20 GC alludes only to vacancies occuring by death. Sec. 10506-55 GC also covers this contingency along with vacancies from other causes but places no minimum on the amount of unadministered assets or debts unpaid as a prerequisite to the appointment of a successor as does §10509-20 GC. The Court has given full effect to the words as used in §10506-55 GC, "Whenever such a vacancy occurs and such contingency is not otherwise provided for by law, . . . ." §10509-20 GC provides the contingency referred to in the last paragraph of §10506-55 GC.

The following authorities also support this Court's lack of jurisdiction. In Re: Estate of Sophia Hoss, 3 N. P. 62, it was held that where an estate has been fully settled and the only question subsequently arising was whether the assets had been properly paid out, it was held that the probate court could not entertain jurisdiction of such question, could not say the estate was unadministered, and hence could not appoint an administrator de bonis non.

In Re: Estate of Henry Herckelrath, 1 O. D. 696, the court said:

"An administrator de bonis non will not be appointed by

the probate court where the estate has already been fully administered.

"Conversion by a former administrator of the assets of an estate is, in law, a complete administration of the assets so converted."

In **Hopkins v. Barger, 21 Abs 386,** the court said:

"A court is without jurisdiction to appoint an administrator de bonis non for an estate having no personal property, and such jurisdiction cannot be conferred upon the court by agreement between the attorneys that the appointment should be made."

Another point of interest not raised by the "stranger" which would affect the Court's jurisdiction to appoint an administrator de bonis non is found in the last paragraph of §10509-4 GC, which reads as follows:

"Letters of administration shall not be issued upon the estate of an intestate until the person to be appointed has made and filed an affidavit that there is not to his knowledge a last will and testament of such intestate."

It has been held that the making and filing of such an affidavit by a person to be appointed administrator is a condition precedent to granting of letters of administration of an estate. See **State ex rel. Overlander v. Brewer, 147 Oh St 386, 34 O. O. 338, 72 N. E. (2nd) 84.**

As indicated previously it is this Court's opinion that §10509-3 and §10509-4 GC, are in para materia; therefore the affidavit must be filed by a person seeking to be appointed administrator de bonis non as well as an administrator. The facts of this case disclose the reason for such a statute. The application of the Winters National Bank and Trust Company of Dayton, Ohio filed on March 5, 1946 failed to allege that it had no knowledge of a last will and testament of the decedent. In fact, the language is printed in the application form furnished by the Court but was stricken out by a typewriter. On the following day, March 6, 1946, after receiving its appointment, the trust company presented a claim to the executor of the deceased administratrix's estate based on her failure to probate the last will and testament of Ezra J. Cassell.

For the reasons herein stated the Court overrules the trust company's motion and accepts the application of Jesse H. Engle as an instrument which brings to the attention of

the Court sufficient information for the Court on its own motion to hold that it had no jurisdiction to appoint the Winters National Bank and Trust Company of Dayton, Ohio as administrator de bonis non of the estate of Ezra J. Cassell, deceased.

Wherefore, the order reopening said estate, the order appointing said trust company, and the letters issued to said trust company are held to be void ab initio and shall be vacated, set aside, and held for naught.

Simply as a matter of comment the Court wishes to point out that this decision is not intended to condone in any way the alleged acts of Myrtle T. Cassell in failing to present her husband's will for probate. There are adequate remedies provided in the probate code for the parties in interest to bring this matter before this Court for determination.

Costs to the Winters National Bank and Trust Company of Dayton, Ohio.

Counsel may draw an appropriate entry.